**UNITED STATES of America,**

v.

**Mohammed AMIN, a/k/a Shadad–Said Mohammed, Defendant.**

**Crim. No. 4:02CR13.**

United States District Court,
E.D. Virginia.

July 25, 2002.

Robert E. Bradenham, II, Assistant United States Attorney, Norfolk, VA, for USA.

John W. Bane, Hampton, VA, for defendant.

1. The court ruled on defendant's objection from the bench at sentencing, but reserved the option to later memorialize its ruling in a written opinion.

### MEMORANDUM OPINION

SMITH, District Judge.

On January 31, 2002, a grand jury in the Eastern District of Virginia returned a one-count indictment against defendant Mohammed Amin. The indictment charged Mr. Amin with reentry of a removed alien, in violation of 8 U.S.C. § 1326(a) and (b)(2). On March 20, 2002, defendant pled guilty to the one-count indictment. This court sentenced defendant on July 9, 2002.

Prior to defendant's sentencing hearing, he filed an objection to his Presentence Investigation Report ("PSR"). Defendant's position is that three of the criminal history points assessed in his PSR were erroneously attributed him, resulting in an unwarranted increase in his Criminal History Category. For the reasons set forth below, the defendant's objection is OVER-RULED.[1]

### I. Background

On January 23, 1998, a federal district judge in the Eastern District of New York found the defendant guilty of illegally selling firearms, in violation of 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D). That court sentenced the defendant to serve twenty-four months of imprisonment, to be followed by a three-year term of supervised release. On August 27, 2002, the New York Immigration and Naturalization Office issued to the defendant a notice to appear for deportation proceedings. On September 22, 1998, an immigration judge ordered the defendant deported to Venezuela.[2] Defendant was released from incarceration on September 30, 1998, and deported to Venezuela on October 2, 1998.

2. Defendant, a citizen of Venezuela, initially entered this country on August 30, 1987.

On October 23, 2001, the defendant was arrested within the Eastern District of Virginia and subsequently charged with reentry of an illegal alien. Following his arrest, defendant admitted to an agent of the Immigration and Naturalization Service ("INS") that he had illegally reentered the United States via a border crossing in San Diego, California, in or about January of 1999. This date proves significant in determining defendant's Criminal History Category for purposes of the United States Sentencing Guidelines ("USSG").

Because the defendant "committed the instant offense [reentry of a removed alien] while under any criminal justice sentence, including probation," he received two criminal history points pursuant to USSG § 4A1.1(d). (PSR, Worksheet C.) Pursuant to § 4A1.1(e), defendant received an additional criminal history point for "committ[ing] the instant offense less than two years after release from imprisonment." (*Id.*)[3] Defendant objects to the imposition of these three criminal history points on two grounds. First, he claims that the date of the instant offense, as detailed in his indictment, falls outside of the applicable time frames required to assess criminal history points under § 4A1.1(d) or (e). Second, defendant argues that even if this court may consider evidence that he entered this country prior to the date listed in his indictment, there is no evidence that he was in the Eastern District of Virginia prior to that date; defendant contends that without such evidence, this court lacks the jurisdiction to assess these three criminal history points.

## II. Discussion

■ Defendant was released from federal incarceration on September 30, 1998. His three-year term of supervised release ended on September 30, 2001. Thus, the date of offense listed in defendant's indictment, October 23, 2001, post-dates the expiration of his term of supervised release. October 23, 2001, is also more than two years after defendant was released from incarceration. If the defendant's indictment was the only evidence before the court with regard to his presence in this country, there is no question that § 4A1.1(d) and (e) would not apply in this case. However, the defendant admitted to the INS that he reentered this country in or about January of 1999. A review of the commentary to the applicable guideline provisions convinces this court that January of 1999, rather than the date listed in defendant's indictment, is the appropriate date from which to determine the applicability of § 4A1.1(d) and (e).

Application Note 4 for § 4A1.1 indicates that "[t]wo [criminal history] points are added if the defendant committed any part of the instant offense (*i.e.*, any relevant conduct) while under any criminal justice sentence, including probation...." USSG § 4A1.1, comment. (n. 4). Application Note 5 provides that an additional point be added if "the defendant committed any part of the instant offense (*i.e.*, any relevant conduct) less than two years following release from confinement...." *Id.* (n. 5). Thus, the commentary clearly indicates that "instant offense," as used in § 4A1.1, includes relevant conduct associated with defendant's offense of conviction. The fed-

---

**3.** Pursuant to § 4A1.1(a), defendant also received three criminal history points for his firearms conviction in the Eastern District of New York, resulting in a total of six criminal history points. Six criminal history points place defendant in a Criminal History Category of III. *See* USSG § 5A. With a Total Of-

fense Level of 21, defendant's guideline range is 46 to 57 months of imprisonment. Without the three criminal history points assessed to defendant under § 4A1.1(d) and (e), he would have a Criminal History Category of II, and a guideline range of 41 to 51 months. *See* USSG § 5A.

eral courts addressing this issue have upheld this interpretation. *See United States v. Smith*, 991 F.2d 1468, 1470–73 (9th Cir.1993); *United States v. Harris*, 932 F.2d 1529, 1538 (5th Cir.1991) ("[P]re-indictment activities may properly be considered when determining the applicability of section 4A1.1(d) or (e)."); *cf. United States v. Self*, 132 F.3d 1039, 1044 (4th Cir.1997) (term "instant offense," as used throughout the guidelines, includes relevant conduct). Because the date of defendant's illegal reentry into this country undoubtedly qualifies as "relevant conduct" to his offense of conviction, *see* USSG § 1B1.3, that date is the appropriate one from which to determine the applicability of the § 4A1.1(d) and (e).

Defendant's illegal reentry into this country in or about January of 1999 occurred while he was serving a term of supervised release for his conviction in New York. His reentry also occurred within two years of his release from incarceration. Accordingly, § 4A1.1(d) and (e) were correctly applied in determining defendant's Criminal History Category. To the extent that the defendant argues otherwise, his objection is OVERRULED.

The second basis for defendant's objection is that this court lacks jurisdiction to impose the three criminal history points at issue in his objection. Defendant notes that he reentered the United States in San Diego in or about January of 1999. He also correctly notes that there is no evidence to indicate that he was present in the Eastern District of Virginia prior to the date of his arrest on October 23, 2001. It is defendant's contention that for this court to apply § 4A1.1(d) or (e), there must be *some* evidence that he was located in this jurisdiction during the relevant time frames detailed in the guideline provisions.

██ Although the court could not find precedent addressing this exact issue, de-

fendant's argument is easily dismissed. Provided that a district court has jurisdiction over an offense of conviction, the court may consider relevant conduct that is technically beyond its jurisdiction for the purposes of determining a defendant's sentence. *See, e.g., United States v. Carroll*, 3 F.3d 98, 102 n. 10 (4th Cir.1993) ("[T]hrough application of the relevant conduct guideline, uncharged conduct and conduct embodied by dismissed counts, technically beyond the jurisdiction of the sentencing court, can be considered when proven by a preponderance of the evidence."). Because this court has jurisdiction over defendant's offense of conviction, it is appropriate for the court to consider defendant's relevant conduct of reentry into this country in San Diego for the purposes of determining the applicability of § 4A1.1(d) and (e). To the extent defendant argues to the contrary, his objection is OVERRULED.

The Clerk is DIRECTED to sent a copy of this Memorandum Opinion to counsel for the defendant and to the Assistant United States Attorney.

IT IS SO ORDERED.